UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TIFFANY BERNARD,<br><br>Defendant. | 1:20-CR-10041-2-CBK<br><br>ORDER REGARDING MOTION FOR REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on August 22, 2022, to 180 months imprisonment for Robbery. Defendant's total offense level was 34 and, together with a criminal history category of VI, her guideline range was 262 – 327 months. The defendant was sentenced to the statutory maximum penalty.

Amendment 821 amended, retroactively, the "status points" provisions of U.S.S.G. § 4A1.1. Formerly, two criminal history points were assigned pursuant to § 4A1.1(d) if the defendant committed the offense while defendant was under any criminal justice sentence. The amendment reduced the number of status points to one and, pursuant to § 4A1.1(e), only applies if the defendant has seven or more criminal history points before application of status points.

Pursuant to 18 U.S.C. § 3582(c)(2), "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guidelines § 1B1.10 governs the application of the reduction in a term of imprisonment as a result of retroactive amendments to the Federal Sentencing Guidelines. The Sentencing commission amended § 1B1.10 (d) to include the criminal history amendments that are part of Amendment 821.

The United States Supreme Court has instructed that sentence reductions pursuant to § 3582(c) and § 1B1.10 require a two-step inquiry. Dillon v. United States, 560 U.S. 817, 826, 130 S.Ct. 2683, 2691, 177 L.Ed.2d 271 (2010). "A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." Id.

I find that defendant does not qualify for a reduction pursuant to Amendment 821. Defendant's criminal history score was calculated under the 2018 Guidelines Manual. Defendant was assigned thirteen criminal history points for her prior convictions. She was assigned two status points pursuant to § 4A1.1(d) because she committed the instant offense while on state court probation for possession of methamphetamine. The addition of two status points resulted in a total criminal history score of fifteen, placing defendant in criminal history category VI. Under the amended guideline, she would receive only one status point because she had more than seven criminal history points. Her criminal history score would be fourteen instead of fifteen. Criminal history category VI is applicable to defendants who are assigned thirteen or more criminal history points. Even if defendant's criminal history score is recalculated pursuant to Amendment 821, defendant is still in category VI and her guideline range is still 262 – 327 months, capped by the statutory maximum penalty of 180 months.

Application of Amendment 821 does not affect defendant's criminal history category or her guideline sentencing range. Accordingly defendant is not entitled to a reduction in sentence.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 222, is denied.
DATED this 21st day of May, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge